**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**JOHN ALLEN,**

       **Plaintiff,**

                                    **Civil Action 2:20-cv-3459**
       **v.**                             **Judge Edmund A. Sargus, Jr.**
                                    **Magistrate Judge Chelsey M. Vascura**

**EBAY, INC.,** *et al.***,**

       **Defendants.**

**ORDER and REPORT AND RECOMMENDATION**

       Plaintiff, John Allen, an Ohio resident proceeding without the assistance of counsel, has submitted requests to file a civil action *in forma pauperis*. (ECF No. 1.) The Court **GRANTS** Plaintiff's requests to proceed *in forma pauperis*. All judicial officers who render services in this action shall do so as if the costs had been prepaid. 28 U.S.C. § 1915(a). This matter is also before the Court for the initial screen of Plaintiff's Complaint as required by 28 U.S.C. § 1915(e)(2) to identify cognizable claims and to recommend dismissal of Plaintiff's Complaint, or any portion of it, which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Having performed the initial screen, for the reasons that follow, it is **RECOMMENDED** that the Court **DISMISS** this action pursuant to 28 U.S.C. § 1915(e)(2).

**I.**

       In this action, Plaintiff advances fraud and other state-law claims against Defendant,

eBay, Inc., arising from Defendant's alleged refusal to re-publish Plaintiff's advertisement/listing

of an item for the discounted price of $3 million, after Plaintiff's initial eBay listing of that item

did not sell for his listed price of $4,470,000.

Prior to filing this action, in July 2020, Plaintiff sued Defendant in this Court, also

asserting claims arising from Defendant's alleged refusal to re-list the same advertisement about

which he complains in this action. *See Allen v. eBay, Inc.*, 2:20-cv-3459 (the "1744 Case"). The

undersigned summarized Plaintiff's Complaint in the 1744 Case as follows:

> According to the Complaint, Plaintiff placed an advertisement with
> Defendant, eBay, Inc., to sell items for $4,470,000. When Plaintiff's items failed
> to sell, he attempted to re-list the item with the discounted price of $3 million, but
> could not do so because Defendant had suspended his account. Plaintiff represents
> that Defendant's suspension of his account occurred in 2012. (*See* Pl.'s Compl. 3,
> ECF No. 1-1 at PAGEID # 4 ("The 2012 agreement in force when Plaintiff[']s
> account was suspended . . . .").) Plaintiff appears to allege that Defendant's
> suspension of his account, together with "various acts forming a pattern of
> racketeering" violates the Racketeer Influenced and Corrupt Organizations Act
> ("RICO") and also the Hobbs Act. Plaintiff acknowledges that Defendant could
> take certain actions against his account had he committed certain violations, but
> alleges that his "compliance has consistently been above standard." (*Id.* at
> PAGEID # 6.) Plaintiff also acknowledges that under his agreement with
> Defendant, certain lawsuits must be brought in California, but makes clear that he
> is not bringing a breach-of-contract or other state-law claim based upon
> Defendant's suspension of his account, but is instead pleading a pattern of extortion
> and racketeering activity and advancing violations claims under RICO and the
> Hobbs Act.
>
> In terms of relief, Plaintiff seeks monetary damages.

(1744 Case, ECF No. 2 at PAGEID # 12.) Following an initial screen of Plaintiff's Complaint in

the 1744 Case, the undersigned recommended dismissal of that action pursuant to § 1915(e) for

failure to state a claim. (*Id.* at ECF No. 2.) Plaintiff objected to the undersigned's Report and

Recommendation, and the Court overruled Plaintiff's Objections, adopted the Report and

Recommendation, and dismissed the 1744 Case pursuant to § 1915(e) for failure to state a claim.

(*Id*. at ECF Nos. 5 and 10.)

The facts upon which Plaintiff's claims are based are the same in both this action and the 1744 Case—indeed, the two Complaints are nearly identical and advance only different theories of relief, with Plaintiff advancing a variety of fraud-related state-law claims in this action. Plaintiff makes the same monetary demands in this action as he advanced in the 1744 Case.

## II.

 Congress enacted 28 U.S.C. § 1915, the federal *in forma pauperis* statute, seeking to "lower judicial access barriers to the indigent." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). In doing so, however, "Congress recognized that 'a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits.'" *Id*. at 31 (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)).  To address this concern, Congress included subsection (e) as part of the statute, which provides in pertinent part:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that–
>
> \*      \*      \*
>
> (B) the action or appeal—
>
> (i) is frivolous or malicious; [or]
>
> (ii) fails to state a claim on which relief may be granted . . . .

28 U.S.C. § 1915(e)(2)(B)(i) & (ii); *Denton*, 504 U.S. at 31.  Thus, § 1915(e) requires *sua sponte* dismissal of an action upon the Court's determination that the action is frivolous or malicious, or upon determination that the action fails to state a claim upon which relief may be granted.

To properly state a claim upon which relief may be granted, a plaintiff must satisfy the

basic federal pleading requirements set forth in Federal Rule of Civil Procedure 8(a). *See also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (applying Federal Rule of Civil Procedure 12(b)(6) standards to review under 28 U.S.C. §§ 1915A and 1915(e)(2)(B)(ii)). Under Rule 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Thus, Rule 8(a) "imposes legal and factual demands on the authors of complaints." *16630 Southfield Ltd., P'Ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013).

Although this pleading standard does not require "'detailed factual allegations,' . . . [a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" is insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A complaint will not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). Instead, to survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility of an inference depends on a host of considerations, including common sense and the strength of competing explanations for the defendant's conduct." *Flagstar Bank,* 727 F.3d at 504 (citations omitted). Further, the Court holds pro se complaints "to less stringent standards than formal pleadings drafted by lawyers." *Garrett v. Belmont Cty. Sheriff's Dep't*, 374 F. App'x 612, 614 (6th Cir. 2010) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). This lenient treatment, however, has limits; "courts should not have to guess at the nature of the claim asserted." *Frengler v. Gen. Motors*, 482 F. App'x

4

975, 976–77 (6th Cir. 2012) (quoting *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)).

## III.

The doctrine of *res judicata* or claim preclusion operates to bar Plaintiff's claims in this action. Under the doctrine of *res judicata* or claim preclusion, "a final judgment on the merits bars further claims by parties or their privies based on the same cause of action." *Montana v. U.S.*, 440 U.S. 147, 153 (1979). The United States Court of Appeals for the Sixth Circuit has instructed that *res judicata* requires proof of the following four elements: "(1) a final decision on the merits by a court of competent jurisdiction; (2) a subsequent action between the same parties or their privies; (3) an issue in the subsequent action which was litigated or which should have been litigated in the prior action; and (4) an identity of the causes of action." *Kane v. Magna Mixer Co.*, 71 F.3d 555, 560 (6th Cir. 1995). "The purpose of *res judicata* is to promote the finality of judgments, and thereby increase certainty, discourage multiple litigation, and conserve judicial resources." *Westwood Chemical Co. v. Kulick*, 656 F.2d 1224, 1227 (6th Cir. 1981).

In the instant action, the requisite four elements are satisfied. This Court's dismissal of Plaintiff's prior complaint under 28 U.S.C. § 1915(e) for failure to state a claim upon which relief could be granted operates as an adjudication on the merits for *res judicata* purposes. *See Taylor v. Reynolds*, 22 F. App'x 537, 539 (6th Cir. 2001) ("The dismissal of [the plaintiff's] claims under § 1915(e)(2)(B) creates a *res judicata* bar . . . ."); *Murray v. Reed*, 69 F. App'x 246, 247 (6th Cir. 2003) (citing *Cieszkowska v. Gray Line New York*, 295 F.3d 204, 206 (2d Cir. 2002) (giving *res judicata* effect to a prior suit that had been dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief could be granted and hence barring a second suit which the district court dismissed "for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2) because the complaint was barred by *res judicata*.")). In addition, this

action involves the same parties or their privies as the prior action, and although Plaintiff raises somewhat different legal theories in the two actions, the alleged injuries and facts underlying those theories are identical such that the new legal theories should have been raised in the prior action. *See Holder v. City of Cleveland*, 287 F. App'x 468, 471 (6th Cir. 2008) (quoting *Cemer v. Marathon Oil Co.,* 583 F.2d 830, 832 (6th Cir. 1978) (per curiam) ("Where two successive suits seek recovery for the same injury, a judgment on the merits operates as a bar to the later suit, even though a different legal theory of recovery is advanced in the second suit."); *Nathan v. Rowan*, 651 F.2d 1223, 1228 n.8 (6th Cir. 1981) ("[T]he doctrine of res judicata necessarily applies to all matters, including new or different legal theories against the same parties . . . ."). Finally, as set forth above, this action and the previous action arise from the same core of operative facts—namely, Defendant's refusal to re-publish Plaintiff's advertisement/listing. For these reasons, the undersigned concludes that the doctrine of *res judicata* operates to bar the claims Plaintiff asserts in this action.

It is therefore **RECOMMENDED** that this action be **DISMISSED** pursuant to § 1915(e).

## IV.

In summary, The Court **GRANTS** Plaintiff's requests to proceed *in forma pauperis*. (ECF No. 1.) In addition, for the reasons set forth above, it is **RECOMMENDED** that the Court **DISMISS** this action pursuant to 28 U.S.C. § 1915(e)(2).

## PROCEDURE ON OBJECTIONS

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with

6

supporting authority for the objection(s). A Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

 /s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE